**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JONATHAN CARL WILLIAMS,

Petitioner,

v. CASE NO: 8:03-CV-2690-T-30MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

Respondents.
_______________________________________/

# ORDER

Petitioner Jonathan Paul Williams ("Petitioner" or "Williams"), a Florida prison inmate proceeding *pro se*, brings this habeas corpus petition pursuant to 28 U.S.C. §2254 (Dkt. #1) challenging his state conviction arising out of the Sixth Judicial Circuit in and for Pinellas County, Florida, for felon in possession of a firearm, case number 98-21999. Respondents have responded (Dkt. #5) to which Petitioner has replied (Dkt. #10).

Petitioner's case included two charges: Count One for armed robbery and Count Two for felon in possession of a firearm. The counts were severed, tried and appealed separately. This petition concerns only the felon in possession of a firearm charge.

The two charges arose out of an armed robbery at a sandwich shop involving three participants, Williams, his brother Terry Williams, and Demone Rushing. Petitioner's robbery count was tried with his co-defendant Rushing's robbery case. His felon in

possession of a firearm charge was tried a few weeks later.

In his petition, Williams describes the factual background and frames the legal issues as follows:

> Prior to trial the defense attorney stipulated that the Petitioner was a convicted felon to preclude excessive prejudicial collateral crime introduction at trial.
>
> Additionally, defense counsel moved in limine to limit the introduction of any evidence not necessary to prove felonious possession specifically seeking to exclude evidence of the commission of the armed robbery charged in count one and tried previously. Counsel's argument in limine was that if the jury were to receive evidence about the robbery from the victims the robbery would become the feature of the trial.
>
> The trial court granted the defense's limine in-part. Specifically, the court ruled that the state could only present limited evidence concerning the robbery noting that the prejudicial value of such evidence would outweigh the probative value. The trial court therefore expressly stipulated that the only admissible evidence concerning the robbery would be: (1) that the petitioner was in the sandwich shop; (2) that two employees saw him in possession of a firearm; (3) that police officers saw the petitioner running down an alley; (4) saw him in a car, and; (5) that they found a weapon in the car.
>
> In violation of the trial court's order in limine, during direct examination of the sandwich shop owner, Mary Miarella, the state elicited testimony that she saw two men enter her shop through the back door wearing ski-masks and brandishing guns. And, that one robber pointed his gun three (3) inches from her nose.
>
> State witness detective James Culbertson testified that he and other officers of the St. Petersburg Police Department had the petitioner under surveillance at the time of the robbery. That he and other police officers followed the petitioner to the Karry Out Café (the robbery scene). That as the events unfolded uniform units were brought in to provide assistance. Detective Culbertson further testified that he observed the petitioner run out of the café's back door, along with another individual, and that the petitioner was carrying a .380 semi-automatic handgun.

> Finally, Detective Culbertson testified that he observed the petitioner being taken out of the car and held, that two (2) ski masks were found on the front seat of the car, and that a .380 semi-automatic handgun was found in the midst of a pile of money in the back seat.
>
> State witness officer Steven Mandankis and Detective Kevin Pete each testified in corroboration of Detective Culbertson's testimony.
>
> Detective Pete also testified that the petitioner attempted to flee in his vehicle.
>
> Christopher Stidham (café employee) testified that two (2) men walked in the back door wearing masks and brandishing firearms.
>
> Mary Miarella testified that Chris Stidham was forced to the ground with the gun pointed to his head while the petitioner pointed a gun inches from her face and yelled profanities at her warning her to get on the floor and to not look at him.

Williams appealed his conviction for felonious possession of a firearm and the Second District Court of Appeal affirmed without written opinion. Williams v. State, 808 So.2d 222 (Fla. 2d DCA 2001) [table]. Williams then filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 which was summarily denied by the trial court. The Second District Court of Appeal affirmed the summary denial. 845 So.2d 200 (Fla. 2d DCA 2003) [table].

Williams timely filed this petition for habeas relief raising two grounds:

**Ground One:** Ineffective assistance of trial counsel for failure to move for mistrial because testimony about the armed robbery was overly prejudicial and in violation of the Court's in limine order.

**Ground Two:** Ineffective assistance of counsel during cross-examination to open door to introduction of further prejudicial and inadmissible collateral crime evidence.

**Standard of Review for §2254 Petitions**

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

> (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or
>
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

In Williams v. Taylor, 529 U.S. 362, the Supreme Court held:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

Both of Petitioner's grounds concern the alleged ineffective assistance of his counsel. According to clearly established federal law enunciated by the United States Supreme Court, to establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Strickland, 466 U.S. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Both prongs (deficient performance and prejudice) must be shown before a petitioner is entitled to habeas relief. The Eleventh Circuit has held that when applying Strickland, a federal district court may dispose of ineffectiveness claims on either of the two prongs without the necessity of discussing the other. Oats v. Singletary, 141 F.3d 1018 (11th Cir. 1998).

## **Discussion**

**Ground One:** Ineffective assistance of trial counsel for failure to move for mistrial because testimony about the armed robbery was overly prejudicial and in violation of the Court's in limine order.

In addition to the facts stated previously, Williams offers the following argument in support of ground one:

> Trial counsel never made an objection to the state's blatant and repeated violation of the trial court's order in limine, thus allowing evidence of law enforcement's pre-robbery surveillance of the Petitioner, the actual depiction of the robbery including fleeing, masks and guns, as well as the police's seizure of the money stolen, to be introduced to the jury.
>
> The robbery became the feature of the trial and defense counsel did absolutely nothing to prevent this travesty; counsel was ineffective for he did not act as counsel at all and allowed the order in limine to be trampled by the state's improper eliciting of suppressed evidence, no motion for mistrial was filed.
>
> The Petitioner was convicted due to trial counsel's named ineffectiveness as set forth herein. Absent said ineffectiveness the trial's outcome would have been different, to wit: the Petitioner would have been acquitted of felonious possession of a firearm.

The Court will first clarify its role concerning state evidentiary issues and then address specifically Williams' claim of ineffective assistance of counsel for failing to make a mistrial motion. This Court does not sit as a super appellate court to review state evidentiary rulings. That is for the state appellate courts. Federal courts in habeas proceedings review state evidentiary questions only if the alleged error is of such magnitude as to render the state defendant's trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 72 (1991). To determine whether a trial is fundamentally unfair where ineffective assistance of counsel is claimed, the Court must analyze the issue pursuant to the Strickland standard as explained

in the Standard of Review section herein.

To prevail on an ineffective assistance of counsel claim under Strickland, Petitioner must show that counsel's performance was both deficient and prejudicial to the extent that the outcome of the trial would have been different. Petitioner's claim fails to meet either of these prongs.

The failure to make a motion for mistrial was not deficient performance on the part of trial counsel because the evidence was relevant and not overly prejudicial. Evidence is admissible if it is relevant - if it tends to prove or disapprove a material fact. Fla. Stat. §90.41 (1991). "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." Fla. Stat. §90.403 (1991).

To support the charge, the state had to prove that Williams was in possession of a firearm. Having witnesses such as the sandwich shop owner testify that she saw the defendant with a gun and the gun was three inches from her nose is directly relevant to the issue of whether Williams possessed a gun. Merely because it implies the commission of another crime does not make it inadmissible. Evidence which is inextricably intertwined with the crime charged is admissible because "it is a relevant and inseparable part of the act which is in issue . . .. (I)t is necessary to admit the evidence to adequately describe the deed." Charles W. Ehrhardt, *Florida Evidence* §404.17 (1993 ed.) Also see, Griffin v. State, 639 So. 966 (Fla. 1994).

In Griffin, the defendant was charged with shooting and killing a policeman. The state introduced evidence during the murder trial showing that the gun which Griffin used to murder Officer Martin was stolen from Mr. Pasco. Subsequently, a co-defendant testified that it was Griffin who stole the gun during the encounter with Mr. Pasco. In response to Griffin's argument that it was irrelevant and overly prejudicial how he obtained the murder weapon, the Florida Supreme Court disagreed stating:

> Mr. Pasco's testimony was necessary to identify the gun and to show that the gun was stolen from the possession of its rightful owner. Nicholas Tarallo's testimony identified the individual who stole the gun as Griffin, thereby establishing possession. This evidence was essential to show Griffin possessed the murder weapon. Therefore, it is relevant. Further, the state did not make a "feature" out of Mr. Pasco's testimony, and the probative value of the evidence outweighed any possible prejudice to Griffin.

Griffin, 639 So. 2d at 969. The same reasoning applies to the evidence here.

The state court, in Petitioner's 3.850 motion, properly applied the Strickland standard and determined that Petitioner failed to meet the deficiency prong.

> Defendant alleges that counsel was ineffective for failing to "object and motion for a mistrial on the grounds that the events of the robbery did become a dominating feature of the trial proceedings." During the trial on the Felonious Possession of a Firearm offense, the Court limited the evidence and testimony that could be introduced regarding Defendant's involvement in a robbery. Specifically, the Court permitted testimony on whether Defendant entered the store, what he was wearing and whether he possessed a gun. The Court did not permit testimony regarding whether money or a cash drawer was taken. [See Exhibit 4: Trial Transcript, pgs. 6-18.]
>
> Upon review of the record, the Court finds the witnesses testified within the bounds set forth by the Court and did not make the robbery offense a central point of the trial. [See Exhibit 5; Trial Transcript, pgs. 30-48, 62-70 and 112-118.]

> Therefore, the basis for a mistrial, as alleged by Defendant, did not exist and counsel's performance was not deficient for failing to move for a mistrial on this ground. This claim is denied.

Trial court order denying 3.850 motion entered August 23, 2002.

The trial court's decision was affirmed by the state appellate court without written opinion. The Eleventh Circuit has held that even decisions without written opinion are entitled to the same deference as if the appellate court had entered written findings to support its decision. Wright v. Sec. of Dept. of Corr., 278 F.3d 1245 (11th Cir. 2002). This Court has reviewed the state courts' decisions and determines that they are not contrary to established federal law.

**Ground Two:** Ineffective assistance of counsel during cross-examination to open door to introduction of further prejudicial and inadmissible collateral crime evidence.

In support of ground two, Williams argues:

> Specifically, on cross-examination of Mary Miarella defense counsel questioned her as to which one of the robbers pointed his gun inches from her nose and which one pointed his gun to Chris Stidham's head. On cross and/or redirect Mrs. Miarella testified that she had no problem whatsoever positively identifying the petitioner as the robber who pointed his gun at her, ordered her to the ground while yelling profanity at her.
>
> Defense counsel was ineffective for improperly questioning the witness during cross-examination thereby "opening the door" to robbery evidence previously ruled inadmissible by the trial court in response to a pretrial defense motion in limine, see ground one supra.

As Williams acknowledges, ground two is very similar to ground one. He complains that the manner in which his attorney cross-examined Mary Miarella, allowed the witness to mention the word "robbery."

First, under Florida law, a related crime can be mentioned as long as it is not overly prejudicial. The use of the word "robbery" by a witness did not make the robbery the feature of the felon in possession of a firearm trial.

Second, the issue must be examined in light of Strickland - was the performance objectively unreasonable under prevailing professional norms. To the contrary, it was reasonable for trial counsel to attempt to get the witness to acknowledge that, since the individuals holding guns were wearing masks, she could not identify Williams. But, as trial lawyers know, witnesses do not always answer questions in the way expected. That does not make the question one of deficient performance.

This ground also fails Strickland's prejudice prong. The other facts stated by Petitioner, other than the mention of "robbery," was compelling evidence that he possessed a firearm. His attorney's "opening the door" to the mention of the word "robbery" was minor compared to the other evidence. There was no reasonable probability of a different result had counsel performed differently on cross-examination of the witness.

Since ground two fails on both the deficiency and prejudice prongs, it must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 15, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2003\03-cv-2690.deny 2254.wpd*