**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JONATHAN CARL WILLIAMS,

      Petitioner,

-vs-                              Case No.  8:03-CV-2690-T-30MSS

JAMES V. CROSBY, et al.,

      Respondents.

_____/

## O R D E R

This matter is before the Court for consideration of Petitioner's Motion to File Belated Application for Certificate of Appealability[1] ["COA"] Because of Extraordinary Circumstances, filed on October 14, 2006 (Dkt. 15). The Court entered an order on May 15, 2006, denying Petitioner's § 2254 petition on the merits (Dkt. 13). Judgment was entered the following day. Petitioner failed to perfect an appeal of the judgment by filing the notice required by Fed. R. App. P. 3(a)[2] and 4(a)(1)(A) or request an extension of time in which to file said notice.[3] The case stands closed.

_____

[1] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . . " 28 U.S.C. § 2253(c). The rules governing appellate proceedings provide that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a).

[3] "[T]he notice of appeal required by Rule 3 must be filed with  the district court within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).

Stemming from the practice of construing *pro se* plaintiffs' pleadings liberally,[4] "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Construing the motion for an extension of time in which to file a COA as a motion for an extension to file a notice of appeal would, however, be an exercise in futility in this case.

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (citation omitted). *See also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1114 (11th Cir. 1993) ("[f]iling an appeal within the thirty day time limit has been construed as a mandatory precondition to this Court's exercise of jurisdiction. . . ." (quoting *Borio v. Coastal Marine Constr. Co.*, 881 F.2d 1053, 1055 (11th Cir.1989))). Here, Petitioner does not assert that "unique circumstances" prevented him from filing a timely notice of appeal. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989) (finding that "unique circumstances" warrant accepting an otherwise untimely notice of appeal where "a party has performed an act that, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done."). *See also Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1529 (11th Cir. 1991), *cert. denied*, 502 U.S. 968 (1991).

The procedural bar to an appeal that results from the application of Rules 3(a) and 4(a)(1)(A) can be overcome if the circumstances that caused the untimeliness of the notice of appeal fall within the exceptions set out in Rule 4(a)(5) or (6). As discussed below,

---

[4]*See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1970).

Petitioner cannot to meet the criteria for an exception under either of these rules.

Rule 4(a)(5) provides, in pertinent part, that the district court may "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect[5] or good cause." Fed. R. App. P. Rule 4(a)(5)(A) (footnote added). *See also* Fed. R. App. P. 4 advisory committee's note (stating that a showing of excusable neglect is the appropriate standard in cases in which the motion, as in the instant case, is made after the time for filing the notice has run).

Here, even if Petitioner were, *in arguendo*,[6] to demonstrate a claim of "excusable

---

[5] The courts apply the test for excusable neglect ennunciated in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993) (holding that courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d at 1324 (holding that "*Pioneer* does apply to determinations of excusable neglect within the meaning of Rule 4(a)(5)").

[6]Petitioner contends that his failure to file a timely request for an extension of time in which to request issuance of a COA should be excused because he is "functionally illiterate," *see* Dkt. 15 at 1, relying on the "overall battery score" of 3.7 he received on the Test of Adult Basic Education administered by the Florida Department of Corrections ("DOC"). Commonly referred to as the "TABE," this is a norm-based examination used extensively throughout the United States, especially in adult-education programs, to determine the approximate grade level of the person tested. Petitioner's TABE results indicate that his reading level is 5.2, his language level is 2.3, and his math level is 4.1, with an "overall battery score" of 3.7 (Dkt. 15, Attach.).
Under the rules governing the operation of DOC facilities, "inmates who demonstrate academic competence below the 9th grade level, as measured by the Test of Adult Basic Education" are classified as "illiterate." Rule 33-501(2)(c) Fla. Admin. C. (2006). In his motion, Petitioner states that "[b]ecause it was determined through Petitioner's Classification Officer, Mr. Cooper, that Petitioner's 'overall' TABE battery scores were 3.7 (the equivalent of a 3rd grade education), Petitioner was placed on a waiting list for 'access to . . . inmate law clerks' in accordance with Rule 33-501(3)(e) (F.A.C.)" (Dkt. 15 at 2). Rule 33-501(3)(e) Fla. Admin. C. (2006) provides, in pertinent part, that "inmates who are illiterate or have disabilities that hinder their ability to research the law and prepare legal documents and legal mail, and need research assistance, shall be provided access to the law library and to inmate law clerks. . . . Upon receipt of an oral request or Form DC6-236, Inmate Request, the law library supervisor shall schedule the inmate for a visit to the law library or a visit with an inmate law clerk."
Notably, Rule 33-501(3)(f) Fla. Admin. C. (2006) provides, in pertinent part, that "[i]nmates who must meet deadlines imposed by law, rule or court order in legal proceedings challenging convictions, sentences or prison conditions shall be given priority in the use of the law library and related legal services. However, the inmate shall be responsible for notifying the department of the deadline in a timely manner. Department staff shall respond to a request for special access to meet a deadline within 3 working days of receipt of the request." As the Inmate Request form, dated July 26, 2006, confirms, Petitioner waited 71 days after judgment
(continued...)

neglect," he would not be entitled to proceed under Rule 4(a)(5) because it only authorizes a district court to grant a 30-day extension of time for filing a notice of appeal, effectively requiring Petitioner to file a request for an extension of time on or before June 15, 2006, 60 days after judgment was entered.  Petitioner's motion was not filed, however, until October 14, 2006 – 151 days after judgment was entered. *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.").

Petitioner's argument that he meets the criteria for relief under Rule 4(a)(6) because his motion was filed within 180 days of the entry of judgment is likewise unavailing to his cause. Rule 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if **all** the following conditions are satisfied:
>
> (A)   the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
> (B)   the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (C)   the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).  The order denying Petitioner's § 2254 petition and a copy of the judgment entered against him were mailed to Petitioner at his address of record on May 16, 2006, and were not returned to the Clerk as undeliverable. See *Konst*

---

(...continued)
was entered in this case before requesting information from Mr. Cooper regarding his TABE scores (Dkt. 1, Attach. (unnumbered)). Assuming that these scores were, a Petitioner asserts, necessary to gain access to legal research materials and assistance in preparing documents, Petitioner's unexplained delay precludes the Court from finding that Petitioner was diligent in taking action to protect his legal rights.

*v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851-52 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee") (citing *Nunley v. City of Los Angeles,* 52 F.3d 792, 796 (9th Cir. 1995)). Petitioner does not assert that he did not receive timely notice of the entry of the judgment. Having thus failed to meet <u>all</u> the conditions of Rule 4(a)(6), Petitioner is not entitled to have the time to file an appeal reopened under this rule. Thus, were the Court to construe the motion for an extension of time to file a COA as a motion for an extension of time to file a notice of appeal, since Petitioner cannot find shelter for his motion for an extension of time pursuant to the provisions of either Rule 4(a)(5) or (6), the Court would be precluded from granting him relief from the procedural bar to an appeal. Given the purpose of a COA, it is axiomatic that Petitioner's failure to perfect an appeal negates the need for a COA.

As to Petitioner's assertion that he is entitled under 28 U.S.C. § 2244(d) to "equitable tolling" of the time in which to perfect an appeal, Petitioner is mistaken. Section § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, establishes a mandatory one-year "period of limitation" applicable to requests by state prisoners for federal habeas relief. 28 U.S.C. § 2244(d)(1). *See Tinker v. Moore,* 255 F.3d 1331, 1334 n. 1 (11th Cir. 2001) (citing *Artuz v. Bennett,* 531 U.S. 4 (2000), and *Webster v. Moore,* 199 F.3d 1256, 1257 n. 3 (11th Cir. 2000)). The statute does not, as Petitioner urges, work to toll the time to perfect an appeal of a judgment denying a § 2254 petition.

A *pro se* petitioner's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). However, a litigant is not excused from complying with a Court order or other judicial deadline because of his

*pro se* status.  *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines"). Inherent in this Court's responsibility to ensure every citizen's access to the courts is a duty to effectively and efficiently employ limited judicial resources. Since Petitioner failed to satisfy the notice requirements to perfect an appeal under Rules 3(a) and 4(a), granting him an extension of time in which to file an application for issuance of a COA would be an exercise in futility.

ACCORDINGLY, the Court **ORDERS** that the Motion to File Belated Application for Certificate of Appealability Because of Extraordinary Circumstances (Dkt. 15)  is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Petitioner/Counsel of Record

SA: jsh

- 6 -