**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JONATHAN CARL WILLIAMS,

    Petitioner,

-vs-                                                Case No.  8:03-CV-2690-T-30MSS

JAMES V. CROSBY, et al.,

    Respondents.
_____/

**O R D E R**

THIS matter is before the Court for consideration of Petitioner's Motion for Relief from [the] Order denying his motion for leave to file a belated application for a certificate of appealability ("COA") due to "extraordinary circumstances" (Dkt. 17).  Effectively seeking leave to file a belated appeal of the May 15, 2006 order denying his petition for federal habeas relief, the COA motion was filed on October 14, 2006 – 151 days after judgment was entered.

Having found that Petitioner failed to meet the criteria under Fed. R. App. P. 4(a)(5) or (6) to overcome the procedural bar that resulted when he failed to perfect an appeal under Fed. R. App. P. 3(a) and 4(a)(1)(A), the Court concluded that granting him an extension of time in which to file an application for issuance of a COA would be an exercise in futility. The Court also rejected Petitioner's argument that under 28 U.S.C. § 2244(d) he was entitled to equitable tolling of the time in which to file a notice of appeal.

Petitioner cites Fed. R. Civ. P. 60(b)(6) in support of the instant motion. The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. Under the "catch-all" provision in Rule 60(b)(6), a district court may relieve

a party from a final judgment based on "any . . . reason justifying relief from the operation of the judgment" not set out in Rules 60(b)(1) through (5).  While Rule 60(b)(6) "should be construed in order to do substantial justice . . . , this does not mean that final judgments should be lightly reopened." *See, e.g., Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 679-80 (11th Cir. 1984) (citations omitted) ("The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

It is well established that relief under Rule 60(b)(6) is an extraordinary remedy that may be invoked only upon a showing of extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950). Here, Petitioner has failed to demonstrate that extraordinary circumstances warrant granting him the relief he seeks.  *See Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.") (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion . . . is intended 'only for extraordinary circumstances'" (citation omitted).).

ACCORDINGLY, the Court **ORDERS** that the Motion for Relief from Order (Dkt. 17) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Petitioner/Counsel of Record

SA:jsh